UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KENNETH PETTINGILL,     )
     )
    Plaintiff     )
     )
  v.     )    2:26-cv-00143-SDN
     )
COMMISSIONER OF THE MAINE    )
DEPARTMENT OF HEALTH AND    )
HUMAN SERVICES, et al.,    )
     )
    Defendants     )

**ORDER ON MOTION FOR
ENTRY OF DEFAULT**

Plaintiff asks the Court to enter a default in accordance with Federal Rule of Civil Procedure 55(a).  (Motion for Entry of Default, ECF No. 8.)

Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  For a default to enter against a defendant, the defendant must first be properly served with the complaint and a summons. That is, "'[i]t is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.'"  *Furlong v. Town of Bartlett*, No. 17-cv-718-JL, 2018 WL 9274593, at *1 (D.N.H. Mar. 8, 2018) (quoting *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996)).

1

Plaintiff has joined four state agencies or boards as defendants. Federal Rule of Civil Procedure 4 provides that a state agency may be served in a manner permitted under state law. Fed. R. Civ. P. 4(j)(2)(B). Under Maine law, service upon a state agency requires personal service upon a member of the agency and by mail to the Attorney General of the State of Maine. *See* Me. R. Civ. P. 4(d)(12).

Plaintiff filed certified mail receipts and United States Postal tracking information, which documents he maintains reflect that the defendants have been served with summonses and the complaint in March 2026. (*See* ECF No. 7.) Plaintiff also asserts, and the docket confirms that none of the defendants has filed a response to the complaint.

Even if the Court construed Plaintiff's filings as establishing that through certified mail, the defendants received the complaint and summons,[1] the entry of default would not be appropriate. Under the governing rule, service upon a state agency by certified mail is not authorized. *See Moody v. Me. State Lottery*, No. CV-02-540, 2003 WL 21958204, at *2 (Me. Super. Ct. June 12, 2003) (interpreting Rule 4(d)(12) as "requiring, in actions against a state officer or agency, service to be made on the officer or agency and a copy to be sent to the Attorney General"). Because the record does not establish that the defendants were properly served, Plaintiff is not entitled to entry of default against any of the defendants. Accordingly, the Court denies the request for the entry of default against the defendants.

---

[1] It is not entirely clear whether authorized representatives of the agencies named as defendants received the summonses and the complaint by certified mail.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of May, 2026.